**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PAMELA KIRBY,** | § | |
| **Plaintiff,** | § | |
| | § | **CIV. ACTION NO. 3:22-cv-01447-M** |
| **vs.** | § | |
| | § | |
| **TIMOTHY L. BARTON, ET AL.** | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE**
**ON DEFENDANTS TIMOTHY BARTON AND JOHN MCELWEE**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to FED. R. CIV. P. 4(e)(1), Plaintiff Pamela Kirby ("Plaintiff") files this Motion for Substituted Service ("Motion") on Defendants Timothy Barton and John McElwee and respectfully shows the Court the following:

## I. APPLICABLE LAW

Rule 4 of the Federal Rule of Civil Procedure provides, in pertinent part, that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1). Thus, because service of process is to be made on Mr. Barton in Texas and Mr. McElwee in Pennsylvania, the law on service in both of these states is provided below.

Pursuant to the Texas Rules of Civil Procedure, service may be effectuated by "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt

requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a)(1)-(2). However, if either of the two methods provided in Rule 106(a) fail, a court may authorize substituted service. Specifically, Rule 106(b) states:

> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b). Thus, "[u]pon receipt of an affidavit satisfying Rule 106(b), the trial court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably calculated to provide notice." *State Farm Fire & Cas. Co. v. Costley*, 868 S.W. 2d 298, 299 (Tex. 1993).

Service in Pennsylvania is governed by Rule 430 of the Pennsylvania Rules of Civil Procedure, which provides that substitute or alternative service is permitted where service "cannot be made under the applicable rule." PA. R.C.P. 430(a). To prevail on a motion for alternate service under Rule 430, a plaintiff must establish "(1) an unsuccessful attempt to properly serve the defendant; (2) a good faith effort to locate the defendant; and (3) a method of alternative service that is reasonably calculated to give actual notice to the defendant." *MUNB Loan Holdings, LLC v. Shoval*, No. 12-CIV-20305, 2012 WL 12865246, at *2 (S.D. Fla. June 20, 2012)(applying Pennsylvania law and quoting *AYR Motor Express, Inc. v. Keystone Transp. Servs.*, 1998 WL 94811, at *2 (E.D. Pa. March 4, 1998)).

## II. TIMOTHY BARTON

Plaintiff has attempted service on Mr. Barton four times from August 24 until September 8, 2022 at the addresses of 4107 Rock Creek Drive, Dallas, Texas 75204 (the "Barton Residence"), which, on information and belief, is Barton's residence and/or where Barton can be found. Included in Plaintiff's Appendix, filed concurrently with this Motion, is the affidavit of authorized process server Jacqueline Tyler. See KIRBY_APP_001. According to the affidavit of Ms. Tyler, on three occasions there was at least one vehicle at the home but no one would answer the door. *Id*. And on the second service attempt, an individual who the process server believed was Mr. Barton was outside, and when the process server called out his name, he "took off running" and when inside the house and refused to answer the door. *Id*. On each of the four occasions, the process server left a card with her contact information on the door and/or on the vehicles in the driveway, and on subsequent visits by the process server, these cards had been removed. *Id*.

The affidavit of Ms. Tyler demonstrates that Plaintiff has not been able to personally serve Barton because of his intentional efforts to evade service. In light of the affidavit of Ms. Tyler, Plaintiff believes that service of process can be accomplished by securely attaching a true and correct copy of the summons and Complaint along with the order authorizing substituted service to the front door of the Barton Residence and sending a copy of the summons and Complaint along with the order authorizing substituted service via regular mail to the Barton Residence.

## III. JOHN MCELWEE

Plaintiff has attempted service on Mr. McElwee four times. The first attempt was made in late July by process server Tom Fredericks, at the address of 940 Academy Lane, Bryn Mawr, PA. During this attempt, the person who answered the door identified himself as Bill McElwee, and stated that John McElwee lived in Newton Square, PA. *See* KIRBY_APP_004. Based upon this information, the next three attempts of service were made by process server Jose Burgos at the address of 306 French Rd., Newtown Square, PA 19073 (the "McElwee Residence"). *See* KIRBY_APP_005. The affidavit of Mr. Burgos demonstrates that Mr. Burgos attempted to serve McElwee at the McElwee Residence on September 1, September 5, and September 9. *Id*. Two cars were present at the McElwee residence each time, but no one answered the door.[1] *Id*.

In light of the affidavits of Messrs. Fredricks and Burgos, Plaintiff believes that service of process can be accomplished by securely attaching a true and correct copy of the summons and Complaint along with the order authorizing substituted service to the front door of the McElwee Residence and sending a copy of the summons and Complaint along with the order authorizing substituted service via regular mail to the McElwee Residence.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court enter an order authorizing the Plaintiff to serve Tim Barton and John McElwee via substituted service under Fed. R. Civ. P. 4(e)(1) as requested herein.

[1] Unlike with Mr. Barton, Plaintiff does not specifically allege that Mr. McElwee is intentionally evading service at this time but reserves the right to seek sanctions against Mr. McElwee should Plaintiff learn additional information to support such an allegation at a later date.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Ste. 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412
josh@dfwcounsel.com

**AND**

James C. Sabalos, Esq.
Texas Bar No: 17499100
Nevada Bar No: 8649
California Bar No: 182545
Law Offices of James C. Sabalos
407 Flintdale Road
Houston, Texas 77024
Telephone: 949.355.6084
Facsimile: 602.801.2539
E-mail: jimsabalos@hotmail.com

**ATTORNEYS FOR PLAINTIFF PAMELA KIRBY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2022, I served a copy of the foregoing on all counsel of record using the Northern District of Texas CMECF document filing system.

/s/Josh Borsellino